**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY LEE FARRAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-CV-0266-CVE-TLW |
| ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On May 1, 2015, Petitioner, a prisoner in custody of the State of Oklahoma and presently housed at the Northeast Oklahoma Correctional Center, located in Vinita, Oklahoma, filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Eastern District of Oklahoma. By Order filed May 7, 2015 (Dkt. # 3), Petitioner was directed to either pay the $5.00 filing fee or file a properly supported motion to proceed in forma pauperis on or before May 29, 2015. On May 12, 2015, the case was transferred to this Court. See Dkt. # 4.

In an Order filed May 14, 2015 (Dkt. # 6), the Court noted that Petitioner had a conviction entered in this Court, N.D. Okla. Case No. 09-CR-059-JHP,[1] and also determined that the § 2254 petition was subject to being dismissed without prejudice because Petitioner failed to identify a state

---

[1] The docket sheet for N.D. Okla. Case No. 09-CR-059-JHP reflects that Petitioner pled guilty to Felon in Possession of a Firearm and Ammunition (Count 2). On August 19, 2009, he was sentenced to thirty (30) months imprisonment followed by three (3) years of supervised release. Judgment was entered August 28, 2009. Petitioner did not appeal. On May 6, 2013, jurisdiction of Petitioner's supervised release was transferred to the United States District Court for the Eastern District of Oklahoma where it was assigned E.D. Okla. Case No. 13-CR-036-JHP.

court conviction, any constitutional claim, and the relief he seeks. Id. at 1. The Court directed Petitioner to file, on or before June 15, 2015, either an amended § 2254 petition, identifying a conviction entered against him by the State of Oklahoma and his grounds for relief, or a notice of intent to file a § 2255 motion challenging his federal conviction entered in N.D. Okla. Case No. 09-CR-059-JHP.

On June 22, 2015, Petitioner filed an amended petition under 28 U.S.C. § 2254 (Dkt. # 8), and a motion to proceed in forma pauperis (Dkt. # 9). In his amended petition, he again states that he is challenging a judgment of conviction entered by the Northern District of Oklahoma. See Dkt. # 8 at 1. He does not identify a state conviction. Furthermore, Petitioner again fails to identify any claim providing a basis for habeas corpus relief. Id. at 5-12. As his request for relief, Petitioner writes "I would like to be sentenced on my probation violation." Id. at 15.

As a preliminary matter, the Court finds that because the amended petition replaces and supersedes the original petition, the original petition shall be declared moot. Furthermore, in reliance upon the representations set forth in the motion to proceed in forma pauperis, the Court finds Petitioner is currently without funds sufficient to pay the filing fee in this action and concludes that Petitioner's motion to proceed in forma pauperis shall be granted.

Petitioner fails to challenge the validity of a conviction entered against him by the State of Oklahoma. Therefore, to the extent Petitioner seeks relief under 28 U.S.C. § 2254 (providing that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"), his amended petition fails to

state a claim upon which relief may be granted. For that reason, the amended petition brought pursuant to 28 U.S.C. § 2254 shall be dismissed without prejudice.

Rather than challenge the validity of a conviction entered by the State of Oklahoma, Petitioner requests that he be sentenced on his "probation violation" in his Northern District of Oklahoma criminal case. Therefore, Petitioner challenges the execution of his sentence rather than the fact of his conviction. As a result, the Court construes the amended petition as seeking relief under § 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). However, the Court finds that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241. Despite explicit instructions from the Court, see Dkt. # 6 at 2, 3, Petitioner has failed to identify any constitutional claim or ground for relief in his amended petition. To the extent Petitioner claims to have been denied a revocation hearing, his claim fails because "there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators." United States v. Romero, 511 F.3d 1281, 1284 (10th Cir. 2008). Also, to the extent Petitioner claims to have suffered adverse collateral consequences as a result of the filing of a federal detainer, or that he will suffer adverse collateral consequences if a federal detainer is filed, his claim fails because "'collateral adverse consequences' of the government's decision to lodge a detainer while [petitioner] remain[s] in state custody [do] not trigger due process protections." United States v. Sussman, 444 F. App'x 302, 304 (10th Cir. 2011) (unpublished).[2] See also Romero, 511 F.3d at 1285 ("Even assuming there are some collateral adverse consequences, we have rejected the notion that every state action carrying adverse consequences for prison inmates automatically

---

[2]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

activates a due process right." (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976))). Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2241 and his amended petition shall be denied.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action under 28 U.S.C. § 2254 is debatable or incorrect. Furthermore, the record is devoid of any authority suggesting that this Court's denial of § 2241 relief is debatable among jurists of reason or that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

2. Petitioner's motion to proceed in forma pauperis (Dkt. # 9) is **granted**.

3. To the extent Petitioner seeks relief under 28 U.S.C. § 2254, the amended petition for writ of habeas corpus (Dkt. # 8) fails to state a claim upon which relief may be granted and is **dismissed without prejudice**.

4. To the extent Petitioner challenges the administration of his sentence under 28 U.S.C. § 2241, the amended petition (Dkt. # 8) is **denied**.

5. A certificate of appealability is **denied**.

6. This is a final order terminating this action.

**DATED** this 26th day of June, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE